**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | <u>Furniture Factory Ultimate Holding, LP</u> |

| | |
|---|---|
| 2. | **All other names debtor used in the last 8 years** |
| | Include any assumed names, trade names, and *doing business as* names |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | <u>83-1604089</u> |

4. **Debtor's address**

**Principal place of business**

<u>6500 Jenny Lind Road</u>
Number          Street

<u>Space A</u>

<u>Fort Smith, AR 72908</u>
City                          State      Zip Code

<u>Sebastian County, AR</u>
County

**Mailing address, if different from principal place of business**

_____
Number          Street

_____
P.O. Box

_____
City                          State      Zip Code

**Location of principal assets, if different from principal place of business**

_____
Number          Street

_____
City                          State      Zip Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://ffohome.com/** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☒ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| Debtor | Furniture Factory Ultimate Holding, LP | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**4421 – Furniture Stores**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
MM/DD/YYYY

District _____ When _____ Case number _____
MM/DD/YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor **See Rider 1** Relationship **Affiliate**

District **District of Delaware** When **11/05/2020**
MM / DD / YYYY

Case number, if known _____

| Debtor | Furniture Factory Ultimate Holding, LP | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | |
|---|---|
| Number | Street |

| | | |
|---|---|---|
| City | State | Zip Code |

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☒ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

**15. Estimated assets (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☒ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

| Debtor | Furniture Factory Ultimate Holding, LP | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**
**(on a consolidated basis)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **11/05/2020**
MM/ DD / YYYY

✗    */s/ Donald V. Roach*                          Donald V. Roach
Signature of authorized representative of debtor     Printed name

Title    **Chief Financial Officer and Chief**
**Operating Officer**

**18. Signature of attorney**

✗    */s/ Domenic E. Pacitti*          Date    11/05/2020
Signature of attorney for debtor                  MM/ DD/YYYY

**Domenic E. Pacitti**
Printed name

**Klehr Harrison Harvey Branzburg LLP**
Firm name

**919 North Market Street, Suite 1000**
Number                          Street

**Wilmington**                                    **DE**          **19801-3062**
City                                              State          ZIP Code

**302-426-1189**                                  **dpacitti@klehr.com**
Contact phone                                     Email address

**3989**                          **DE**
Bar number                        State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____
District of Delaware
(State)

Case number *(if known):* _____    Chapter ___11___

☐ Check if this is an
amended filing

## <u>Rider 1</u>
## <u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.

1.    Furniture Factory Ultimate Holding, LP

2.    Furniture Factory Holding, LLC

3.    Furniture Factory Intermediate Holding, LLC

4.    Furniture Factory Outlet, LLC

5.    Furniture Factory Outlet Transportation, Inc.

6.    Bedding Holding, LLC

7.    Bedding Intermediate Holding, LLC

8.    Bedding, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FURNITURE FACTORY ULTIMATE | ) |
| HOLDING, LP, *et al.*, [1] | ) Case No. 20-(_____) (____) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS OF**
**FURNITURE FACTORY ULTIAMTE HOLDING, LP** [2]

| Debtor | Equity Holders | Percentage of Equity Held |
|---|---|---|
| Furniture Factory Ultimate Holding, LP | Sun Furniture Factory, LP | LP |
| Furniture Factory Ultimate Holding, LP | Sun Holding VI, LLC | GP |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Furniture Factory Ultimate Holding, LP (4089); Furniture Factory Holding, LLC (5055); Furniture Factory Intermediate Holding, LLC (8060); Furniture Factory Outlet, LLC (3952); Furniture Factory Outlet Transportation, Inc. (7131); Bedding Holding, LLC (7744); Bedding Intermediate Holding, LLC (6384); Bedding, LLC (4774). The Debtors' headquarters and mailing address is: 6500 Jenny Lind Road, Space A, Fort Smith, AR 72908.

[2] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of this chapter 11 case.

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Furniture Factory Ultimate Holding, LP |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ▮   Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____ List of Equity Security Holders _____


I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **11/05/2020** | ☒   */s/ Donald V. Roach* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Donald V. Roach** |
| | Printed name |
| | **Chief Financial Officer and Chief Operating Officer** |
| | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| | ) | |
| FURNITURE FACTORY ULTIMATE | ) | |
| HOLDING, LP, *et al.*, [1] | ) | Case No. 20-(_____) (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT OF
FURNITURE FACTORY ULTIAMTE HOLDING, LP**

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned Debtor in this case submits the following information:

| Corporate Equity Holder | Address of Corporate Equity Owner | Interest |
|---|---|---|
| Sun Furniture Factory, LP | 5200 Town Center Circle, Boca Raton FL 33486 | LP |
| Sun Holding VI, LLC | 5200 Town Center Circle, Boca Raton FL 33486 | GP |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Furniture Factory Ultimate Holding, LP (4089); Furniture Factory Holding, LLC (5055); Furniture Factory Intermediate Holding, LLC (8060); Furniture Factory Outlet, LLC (3952); Furniture Factory Outlet Transportation, Inc. (7131); Bedding Holding, LLC (7744); Bedding Intermediate Holding, LLC (6384); Bedding, LLC (4774).  The Debtors' headquarters and mailing address is: 6500 Jenny Lind Road, Space A, Fort Smith, AR 72908.

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Furniture Factory Ultimate Holding, LP |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration_____    Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **11/05/2020** | */s/ Donald V. Roach* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Donald V. Roach** |
| | Printed name |
| | **Chief Financial Officer and Chief Operating Officer** |
| | Position or relationship to debtor |

Official Form 202       **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**Fill in this information to identify the case:**

Debtor name ___Furniture Factory Ultimate Holding, L.P., et al.___

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                    12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | THE SPRINGFIELD NEWS LEADER P.O. BOX 677568 DALLAS, TX 75201 | P: 417-836-1100 | TRADE PAYABLE | | | | $1,831,961.00 |
| 2 | HOMESTRETCH PO BOX 379 NETTLETON, MS 38858 | | TRADE PAYABLE | | | | $1,739,160.00 |
| 3 | MALOUF 1525 WEST 2960 SOUTH LOGAN, UT 84321 | | TRADE PAYABLE | | | | $1,067,036.00 |
| 4 | SERTA MATTRESS COMPANY PO BOX 75578 OKLAHOMA CITY, OK 73147-0578 | P: 800-517-7179 | TRADE PAYABLE | | | | $1,009,281.00 |
| 5 | AMERICAN FURNITURE/PEAK LIVING DEPT #142 CHARLOTTE, NC 28201 | | TRADE PAYABLE | | | | $752,985.00 |
| 6 | UNITED FURNITURE INDUSTRIES P.O. BOX 519 VERONA, MS 38879 | | TRADE PAYABLE | | | | $919,792.00 |

Debtor   Furniture Factory Ultimate Holding, L.P., et al.
         Name

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | CARPENTER CO PO BOX 75252 CHARLOTTE,NC 28275 | P: 405-634-8124 | TRADE PAYABLE | | | | $509,952.00 |
| 8 | GBS ENTERPRISES, LLC. 9240 PROTOTYPE DRIVE RENO, NV 89501 | | TRADE PAYABLE | | | | $323,645.00 |
| 9 | WASHINGTON FURNITURE SALES 10878 HWY 341 S RANDOLPH, MS 38864 | P: 662-568-7122 | TRADE PAYABLE | | | | $287,982.00 |
| 10 | ALBANY INDUSTRIES 504 N GLENFIELD RD NEW ALBANY, MS 38652 | | TRADE PAYABLE | | | | $264,067.00 |
| 11 | ELEMENTS INTERNATIONAL GROUP PO BOX 890204 CHARLOTTE, NC 28201 | | TRADE PAYABLE | | | | $257,931.00 |
| 12 | STEVE SILVER CO. FORNEY, TX 75126 | | TRADE PAYABLE | | | | $255,766.00 |
| 13 | AUSTIN GROUP FURNITURE LLC 441 NORTH CHIMNEY ROCK RD GREENSBORO, NC 27401 | | TRADE PAYABLE | | | | $215,829.00 |
| 14 | STANDARD FURNITURE MFG. CO INC P.O. BOX 933715 ATLANTA, GA 30301 | | TRADE PAYABLE | | | | $167,291.00 |
| 15 | CRESTVIEW 4300 CONCORDE ROAD MEMPHIS, TN 37501 | P: 901-547-1198 | TRADE PAYABLE | | | | $164,009.00 |
| 16 | KITH FURNITURE PO BOX 336 HALEYVILLE, AL 35565 | | TRADE PAYABLE | | | | $151,225.00 |
| 17 | CROWE CHIZEK LLP P.O. BOX 71570 CHICAGO, IL 60290 | P: 800-599-2216 | TRADE PAYABLE | | | | $148,050.00 |

Debtor  Furniture Factory Ultimate Holding, L.P., et al.          Case number (if known)_____
        Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | FIELDS INVESTMENT CO P.O. BOX 603 VAN BUREN, AR 72956 | ATTN: LISA AUTRY P: 479-629-0793 | LANDLORD CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 19 | OP 1, LLC 1313 RILEY INDUSTRIAL DRIVE MOBERLY, MO 65270 | ATTN: RUSS FREED P: 660-269-3477; 660-651-3570 RFREED@ORSCHELN.COM | LANDLORD CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 20 | GOPHER ORTHOPEDICS, LLC P.O. BOX 16787 JONESBORO, AR 72401 | ATTN: JOHN PERRY AND BRET JAMESON P: 870-336-8000; 870-926-0900 BHJAMESON1@YAHOO.COM | LANDLORD CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 21 | CV OWASSO, LLC C/O GREG HARMON MESQUITE, NV 89024 | ATTN: GREG HARMON P: 415-717-4140; 915-645-7679 GHARMON@GTE.NET | LANDLORD CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 22 | DIXIE LEGACY CENTER, LLC 7939 SOLUTION CENTER CHICAGO, IL 60677 | ATTN: SARAH MOBERLY P: 859-335-9663 SMOBERLY@BCWOODPROPERTIES.COM | LANDLORD CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 23 | BRIGHTON LANDMARK, LLC 870 CORPORATE DRIVE, STE 402 LEXINGTON, KY 40503 | ATTN: GERALD MUSSARI (JERRY) P: 513-200-1305 MUSSARI.JERRY@GMAIL.COM | LANDLORD CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 24 | GREGORY REALTY MARATHON MANAGEMENT, LLC P.O. BOX 382366 GERMANTOWN, TN 38183 | ATTN: WILL MORGAN P: 901-362-3386; 901-568-6860 WILLMORGAN1121@GMAIL.COM; WILL@MYMARATHONPROPERTY.COM | LANDLORD CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 25 | CENTENNIAL PLACE CO. 5100 POPLAR AVE, STE 2607 MEMPHIS, TN 38137 | ATTN: KATHY HODGKINS P: 901-685-2220; 901-581-7799 DOWINGS@RMSCO.NET | LANDLORD CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 26 | G.M. PROPERTIES 2006 AVONDALE STREET WICHITA FALLS, TX 76308 | ATTN: GARY MEHAN | LANDLORD CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 27 | OAK FOREST GROUP, LTD P.O. BOX 3449 LONGVIEW, TX 75606 | ATTN: CAPPI NORTHCUTT P: 903-235-7398; 903-753-2191 CNORTHCUTT@BEERWELLSEASTTEXAS.COM | LANDLORD CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 28 | B&F ADVERTISING, INC 5708 WARDEN RD SHERWOOD, AR 72120 | ATTN: HILDA MAYFIELD OR STEVE ROBERTS P: 501-565-3561 EXT 333; 850-819-6177 | LANDLORD CLAIM | UNLIQUIDATED | | | UNDETERMINED |

Debtor      Furniture Factory Ultimate Holding, L.P., et al.
            _____
            Name

Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 J.L.O ENTERPRISES, INC. 7009 WINDHAM PARKWAY PROSPECT, KY 40059 | ATTN: JOHN OTTER P: 502-693-3155 JOTTER8426@AOL.COM | LANDLORD CLAIM | UNLIQUIDATED | | | UNDETERMINED |
| 30 J DEE O ENTERPRISES LLC 5803 RIVER CREEK DR PROSPECT, KY 40059 | ATTN: JOHN OTTER P: 502-693-3155 JOTTER8426@AOL.COM | LANDLORD CLAIM | UNLIQUIDATED | | | UNDETERMINED |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Furniture Factory Ultimate Holding, LP |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration_____    Certification of Creditor Matrix_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **11/05/2020** | */s/ Donald V. Roach* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Donald V. Roach** |
| | Printed name |
| | **Chief Financial Officer and Chief Operating Officer** |
| | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**FURNITURE FACTORY ULTIMATE HOLDING, L.P.**
**AND ITS DIRECT SUBSIDIARIES AND SUBSIDIARY AFFILIATES**

**OMNIBUS UNANIMOUS WRITTEN**
**CONSENT IN LIEU OF A SPECIAL MEETING**
**OF**
**THE BOARD OF DIRECTORS, OR THE BOARD OF MANAGERS**

**November 4, 2020**

The undersigned, being all of the members of the board of supervisors, all of the members of the board of directors, all of the members of the board of managers or similar governing body (the "Board", and collectively, the "Boards") of the companies set forth on Schedule 1 attached hereto, each existing and organized under the laws of the state set forth opposite each company's name on Schedule 1 (each, individually, a "Company", and collectively, the "Companies"), in lieu of holding a special meeting of each of the Boards, hereby take the following actions and adopt the following resolutions by unanimous written consent pursuant to the bylaws, limited partnership agreement, limited liability company agreement, operating agreement or similar governing document of each Company (collectively, the "Governing Documents"), and the applicable laws of the state of incorporation or organization of each Company, effective as of the date set forth above:

### Chapter 11 Filing

**WHEREAS**, each of the Boards considered presentations by the management and the investment banking advisors and legal advisors of the Companies regarding the financial situation of the Companies, the strategic alternatives available to them, and the effect of the foregoing on the Companies' businesses; and

**WHEREAS**, the Boards have had the opportunity to consult with the management and the investment banking advisors and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the judgment of each of the Boards, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest, that each of the Companies shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief (such voluntary petitions to be filed by the Companies are collectively referred to herein as the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and it is

**FURTHER RESOLVED**, that any duly appointed manager or officer of the Companies, as applicable (collectively, including, but not limited to, the Chief Executive Officer and the Chief Financial Officer, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Companies all petitions, schedules, lists, and other motions, objections, replies,

applications, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Companies' businesses or to assist the Companies in the Chapter 11 Cases and in carrying out their respective duties under the provisions of the Bankruptcy Code; and it is

### Debtor-In-Possession Financing, Cash Collateral, and Adequate Protection

**RESOLVED**, that each of the Companies will obtain benefits from: (i) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to that certain Credit Agreement, by and among Furniture Factory Outlet, LLC, a Delaware limited liability company ("FFO"), Bedding, LLC, a Delaware limited liability company ("Bedding" and, together with FFO, the "Borrowers"), and Furniture Factory Ultimate Holding, LP, a Delaware limited partnership (the "Ultimate Parent"), as guarantor, the other credit parties thereto, Stellus Capital Investment Corporation, as agent (the "Agent"), and the lenders party thereto from time to time, and it assigns, including American Freight FFO, LLC, a Delaware limited liability company (collectively, the "Pre-Petition Secured Lenders"), and (ii) certain debtor-in-possession financing (the "DIP Financing") provided by American Freight FFO, LLC, a Delaware limited liability company (the "DIP Lender"); and it is

**FURTHER RESOLVED**, that to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to the Pre-Petition Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim DIP Order") and submitted for approval to the Bankruptcy Court; and it is

**FURTHER RESOLVED**, that in the business judgment of the Boards, it is desirable and in the best interests of the Companies, their respective stakeholders, creditors, and other parties in interest, for the Borrowers and Ultimate Parent, as a limited guarantor, to enter into a new debtor-in-possession credit agreement, in substantially the form set forth as Exhibit A attached hereto (the "DIP Credit Agreement"), with the DIP Lender; and it is

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Credit Agreement (including the borrowing of money, granting of liens on substantially all assets of the Companies, and the guaranty of obligations reflected therein), and the form, terms, and provisions of such other agreements, certificates, schedules, and instruments contemplated thereby (including the DIP Credit Agreement, collectively, the "DIP Credit Agreement Documents") be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Companies be, and hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the DIP Credit Agreement Documents, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Boards, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is

-2-

**FURTHER RESOLVED**, that the form, terms, and provisions of the Interim DIP Order to which the Companies are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Companies be, and hereby are, authorized and empowered, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, objections, replies, or other papers or documents to which any of the Companies is or will be a party, including, but not limited to, any term sheet, credit agreement, security and pledge agreement, or guaranty agreement (collectively with the Interim DIP Order and the DIP Credit Agreement Documents, the "DIP Documents"), and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Boards, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is

**FURTHER RESOLVED**, that each Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and certain secured claims pursuant to the DIP Credit Agreement Documents and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Credit Agreement Documents (collectively, the "Adequate Protection Transactions"); and it is

**FURTHER RESOLVED**, that the Authorized Officers of the Companies be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies, as debtor and debtor-in-possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent or the DIP Lender; and (c) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers of the Companies be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies to file or to authorize the DIP Lender to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Companies that the DIP Lender deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the DIP

Lender may reasonably request to perfect the security interests of the DIP Lender under the DIP Documents; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers of the Companies be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper, or advisable to perform any of the Companies' obligations under or in connection with the Interim DIP Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to fully carry out the intent of the foregoing resolutions; and it is

## **Retention Of Professionals**

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Klehr Harrison Harvey Branzburg LLP, under a classic retainer as general bankruptcy counsel, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance each of the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Klehr Harrison Harvey Branzburg LLP; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of FocalPoint Securities, LLC, as investment banker, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of FocalPoint Securities, LLC; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Stretto[1] as notice, claims, and balloting agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Strotto; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of RAS Management Advisors, LLC, as financial and

---

[1] Stretto is the tradename of Bankruptcy Management Solutions, Inc. and its subsidiaries.

restructuring advisor, to represent and assist the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each of the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of RAS Management Advisors, LLC; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, objections, replies, applications, pleadings, lists, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, investment bankers, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of the cases; and it is

### Sale of Assets

**FURTHER RESOLVED**, the Boards have determined that it is advisable and in the best interest of the Companies other than the Ultimate Parent, as sellers (collectively, the "Sellers"), to enter into an Asset Purchase Agreement with American Freight FFO, LLC, a Delaware limited liability company (the "Purchaser"), in substantially the form attached hereto as Exhibit B (the "Purchase Agreement"); and it is

**FURTHER RESOLVED**, that the form and terms of the Purchase Agreement are hereby approved, adopted and ratified in all respects; that subject to the Sales Procedures referenced below, the Sellers are hereby authorized to execute, deliver and perform such Purchase Agreement and to consummate the transactions contemplated thereby; and that each of the Authorized Officers is hereby authorized and directed to execute and deliver, in the name and on behalf of the Sellers, the Purchase Agreement, in substantially the form hereby approved, with such changes as any Authorized Officer shall approve on behalf of the Sellers, such approval to be conclusively established by the execution and delivery thereof; and it is

**FURTHER RESOLVED**, that the form and terms of (i) the Sales Procedures, (ii) the Procedures Order, (iii) the Bill of Sale, (iv) the Sale Order, (v) the Assignment and Assumption Agreement, (vi) the Recordable Trademark Assignment, and (vii), the Domain Name Assignment (collectively, the "Purchase Agreement Ancillary Documents") with respect to the Purchase Agreement, substantially in the forms presented to the Boards, are hereby approved, adopted and ratified in all respects; that the Sellers are hereby authorized to execute, deliver and perform such Purchase Ancillary Documents and to consummate the transactions contemplated thereby; and that

each Authorized Officer is hereby authorized and directed to execute and deliver, in the name and on behalf of the Sellers, such Purchase Agreement Ancillary Documents in substantially the forms hereby approved, with such changes as any Authorized Officer shall approve on behalf of the Sellers, such approval to be conclusively established by the execution and delivery thereof; and it is

**FURTHER RESOLVED**, that the form and terms of any and all other documents to be delivered by the Companies to the Purchaser in connection with the consummation of the transactions contemplated by the Purchase Agreements, including all exhibits and schedules thereto (the "Supplemental Documents") in the forms approved by any Authorized Officer after the date hereby, are hereby approved, adopted and ratified in all respects; that the Companies are hereby authorized to execute, deliver and perform such Supplemental Documents and to consummate the transactions contemplated thereby; and that each Authorized Officer is hereby authorized and directed to execute and deliver, in the name and on behalf of the Companies, such Supplemental Documents in substantially the forms hereby approved, with such changes as any Authorized Officer shall approve on behalf of the Companies, such approval to be conclusively established by the execution and delivery thereof; and it is

## General

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in the case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is

**FURTHER RESOLVED**, that each of the Boards have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or hereby waives any right to have received such notice; and it is

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Boards; and it is

**FURTHER RESOLVED**, that facsimile, PDF or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals; and it is

**FURTHER RESOLVED**, the actions taken by this Omnibus Unanimous Written Consent In Lieu Of Special Meetings shall have the same force and effect as if taken at a special meeting of the Boards duly called and constituted pursuant to the Governing Documents of the Companies and the laws of the State of Delaware or the State of Arkansas, as applicable.

[SIGNATURES FOLLOW]

IN WITNESS WHEREOF, the undersigned has executed this Omnibus Unanimous Written Consent In Lieu Of Special Meetings effective as of the day and year first written above.

_____
Hank Mullany

_____
Matthew Garff

_____
Beth Neumann

*Being all of the members of the Board of Supervisors, the Board of Managers or the Board of Directors of:*

*Furniture Factory Ultimate Holding, L.P.*

*Furniture Factory Outlet, LLC*

*Bedding, LLC*

*Furniture Factory Holding, LLC*

*Furniture Factory Intermediate Holding, LLC*

*Bedding Holding, LLC*

*Bedding Intermediate Holding, LLC*

*Furniture Factory Outlet Transportation, Inc.*

IN WITNESS WHEREOF, the undersigned has executed this Omnibus Unanimous Written Consent In Lieu Of Special Meetings effective as of the day and year first written above.

_____
Hank Mullany

_____
Matthew Garff

_____
Beth Neumann

*Being all of the members of the Board of Supervisors, the Board of Managers or the Board of Directors of:*

*Furniture Factory Ultimate Holding, L.P.*

*Furniture Factory Outlet, LLC*

*Bedding, LLC*

*Furniture Factory Holding, LLC*

*Furniture Factory Intermediate Holding, LLC*

*Bedding Holding, LLC*

*Bedding Intermediate Holding, LLC*

*Furniture Factory Outlet Transportation, Inc.*

IN WITNESS WHEREOF, the undersigned has executed this Omnibus Unanimous Written Consent In Lieu Of Special Meetings effective as of the day and year first written above.

_____
Hank Mullany


_____
Matthew Garff

_____
Beth Neumann


*Being all of the members of the Board of Supervisors, the Board of Managers or the Board of Directors of:*

*Furniture Factory Ultimate Holding, L.P.*

*Furniture Factory Outlet, LLC*

*Bedding, LLC*

*Furniture Factory Holding, LLC*

*Furniture Factory Intermediate Holding, LLC*

*Bedding Holding, LLC*

*Bedding Intermediate Holding, LLC*

*Furniture Factory Outlet Transportation, Inc.*

## Schedule 1

Companies

| Company | Jurisdiction |
|---|---|
| FURNITURE FACTORY ULTIMATE HOLDING, LLC | Delaware |
| FURNITURE FACTORY OUTLET, LLC | Delaware |
| BEDDING, LLC | Delaware |
| FURNITURE FACTORY HOLDING, LLC | Delaware |
| FURNITURE FACTORY INTERMEDIATE HOLDING, LLC | Delaware |
| BEDDING HOLDING, LLC | Delaware |
| BEDDING INTERMEDIATE HOLDING, LLC | Delaware |
| FURNITURE FACTORY OUTLET TRANSPORTATION, INC. | Arkansas |

## **Exhibit A**

**Form of DIP Credit Agreement**

See attached.

**<u>Exhibit B</u>**

**Form of Asset Purchase Agreement**

See attached.